J-S35044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY SAMUELS, | |
| Appellant | No. 2619 EDA 2014 |

Appeal from the PCRA Order August 25, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0609081-2000

BEFORE: MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 23, 2015**

Appellant, Gregory Samuels, appeals *pro se* from the order dismissing

his second petition filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

This Court previously summarized the factual and procedural history of

this case as follows:

> On September 6, 1999, Appellant attended a
> Philadelphia neighborhood block party with his
> girlfriend, Bathsheba Woodall (Woodall). After the
> party, the couple began arguing about each person's
> relationships with former girlfriends and boyfriends.
> The argument culminated in Appellant shooting
> Woodall five times while she was seated in her car.
> Appellant then pushed Woodall's body from the
> driver's seat, made several telephone calls, and
> drove Woodall's car away. Appellant ultimately

---

[*] Retired Senior Judge assigned to the Superior Court.

drove to the Philadelphia airport where he moved Woodall's body to the trunk of her car and boarded a flight to Jamaica. U.S. Marshalls apprehended Appellant several months later. Following the denial of Appellant's suppression motion, Appellant was tried before a jury in Philadelphia County . . . .

(**Commonwealth v. Samuels**, No. 1230 EDA 2001, unpublished memorandum at *1-2 (Pa. Super. filed Nov. 14, 2002)). Following the jury [convictions of first-degree murder and possession of an instrument of crime[1]] on March 23, 2001, the trial court immediately sentenced Appellant to life imprisonment on the first-degree murder conviction and a consecutive term of [not less than] two and one half (2½) [nor more than] five (5) years' incarceration for possessing an instrument of crime. On April 30, 2001, the trial court granted Appellant leave to file a notice of appeal *nunc pro tunc*, which Appellant filed on May 1, 2001. On November 14, 2002[,] this Court affirmed the judgment of sentence[.] (**See id.**) [O]n November 12, 2004, [our] Supreme Court denied allowance of appeal. (**See Commonwealth v. Samuels**, 863 A.2d 1145 (Pa. 2004)).

While his petition for allowance of appeal was still pending before [our] Supreme Court, Appellant filed a *pro se* PCRA petition on November 7, 2003. On December 18, 2003, the court appointed PCRA counsel. On September 23, 2004, PCRA counsel petitioned the court for leave to withdraw and filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Following its independent review, the PCRA court notified Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On November 23, 2004, the PCRA court dismissed Appellant's PCRA petition and granted PCRA counsel leave to withdraw. . . .

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 907, respectively.

(**Commonwealth v. Samuels**, No. 95 EDA 2005, unpublished memorandum at *1-3 (Pa. Super. filed May. 3, 2006)) (footnotes omitted and some citation formatting provided).

Appellant timely filed a *pro se* appeal on December 15, 2004. On May 3, 2006, this Court affirmed the PCRA court's denial of relief. (**See id.** at *15).[2] Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 23, 2012, Appellant filed a second *pro se* PCRA petition, an amended petition on August 28, 2013, and a supplement on September 30, 2013. The PCRA court notified Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on March 28, 2014. **See** Pa.R.Crim.P. 907. Appellant filed a *pro se* response on April 4, 2014. The PCRA court dismissed the petition as untimely on August 25, 2014. Appellant timely appealed on September 9, 2014.[3]

_____

[2] This Court acknowledged that Appellant's PCRA petition was premature because "it was filed while his petition for allowance of appeal was still pending before [our] Supreme Court." (**Samuels**, No. 95 EDA 2005, at *3, n.3) (citation omitted). However, because "the PCRA court did not finally rule on Appellant's PCRA petition until after [our] Supreme Court denied his petition for allowance of appeal . . . [his] PCRA petition [was deemed] as . . . [being] filed . . . the day after [our] Supreme Court denied allowance of appeal." (**Id.**).

[3] The PCRA court did not order Appellant to file a Rule 1925(b) statement. It entered its Rule 1925(a) opinion on December 19, 2014. **See** Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1). Did the (PCRA) court err, and commit reversible error when it dismissed [Appellant's] petition without the benefit of [an] evidentiary hearing to develop the credibility of the presented statement(s) that led to the filing of the immediate petition, and therefore, being able to render a fully informed opinion?

2). Was Appellant[] denied effective assistance of counsel at a critical stage, that was pertinent to the fifth and sixth amendment[s] with regard to the due process, fair trial, therefore, being able to comply with the state's procedures?

3). Does due diligence require Appellant[] to assumed [sic] that a juror commit perjury/fraud, that the judge and [lawyers] knew or should have known but failed to take remedy measures, when it was presented at a criminal trial, therefore, impeding justice and perpetrating a knowing fraud upon the judiciary to procure a conviction?

4). Did the Commonwealth's prosecuting attorney err, and commit reversible error when he failed to expose perjury, when it was presented at a criminal trial, resulted in a miscarriage of justice, and unreliable verdict?

(Appellant's Brief, at unnumbered page 9) (most capitalization omitted).

Our standard of review is well-settled:

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's

- 4 -

decision dismissing a petition without a hearing for an abuse of discretion.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.
>
> *     *     *
>
> Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.] This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

***Commonwealth v. Miller***, 102 A.3d 988, 992-93 (Pa. Super. 2014) (citations and quotation marks omitted).

Section 9545 of the PCRA states in relevant part:

**(b) Time for filing petition.—**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

Here, Appellant's judgment of sentence became final on February 9, 2005 when the time to seek discretionary review in the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by February 9, 2006. Because the underlying petition was filed on April 23, 2012, it is facially untimely and the PCRA court lacked jurisdiction to review it unless Appellant pleaded and proved one of the statutory exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1).

Appellant acknowledges that his second PCRA petition is untimely. (**See** Appellant's Brief, at 1-2, 19). However, he asserts that the PCRA court

erred in dismissing his petition as untimely because his claims fell within the governmental interference and newly discovered facts exceptions to the time bar. (*See id.* at 1). Appellant baldly states that the "trial [j]udge . . . prosecutor . . . and . . . defense attorney . . . either failed to uncover [the jury foreperson's] fraud/perjury when it had occur or turn a blind eye [sic]." (*Id.* at 3). However, Appellant has failed to identify the alleged fraud or any governmental interference with his ability to raise his claim in prior proceedings; thus, this bald statement does not excuse his untimely second PCRA petition. *See Miller*, *supra* at 992-93.

Accordingly, Appellant has failed to plead and prove an exception to the PCRA time bar; the PCRA court properly dismissed Appellant's petition as untimely and we lack jurisdiction to consider the merits of his petition. *See id.*

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

[4] Because we lack jurisdiction, Appellant's Motion for Sanction and Failure to File a Timely Response Brief filed 5/05/15 is dismissed.